NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARACELY HERNANDEZ RAMIREZ;
OSMAN VELAZQUEZ,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    15-70994

Agency Nos.    A070-076-719
                       A075-702-918

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 30, 2021**

Before:  GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Aracely Hernandez Ramirez ("Hernandez Ramirez"), a native and citizen of

Guatemala, and Osman Velazquez ("Velazquez"), a native and citizen of Mexico,

petition for review of the Board of Immigration Appeals' ("BIA") order dismissing

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

their appeal from an immigration judge's decision denying their applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT").[1]

We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's conclusion that the petitioners failed to establish that they would be persecuted on account of a protected ground.[2] *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire

---

[1]     The petitioners are married but they each submitted independent applications for asylum, withholding of removal, and CAT protection. Hernandez Ramirez also applied for special rule cancellation of removal, with Velasquez as a derivative applicant. The petitioners do not challenge the agency's denial of that application.

[2]     Substantial evidence also supports the BIA's conclusion that Hernandez Ramirez failed to establish that the harm her father experienced in approximately 1979 was on account of imputed political opinion or any other protected ground. *See I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481-82 (1992) (guerrilla group's attempt to conscript petitioner does not necessarily constitute persecution on account of actual or imputed political opinion).

to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

The BIA did not err in concluding that the petitioners did not establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'") (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)); *see also Delgado-Ortiz v. Holder,* 600 F.3d. 1148, 1151-52 (9th Cir. 2010) (explaining that asylum is not available to victims of indiscriminate violence unless they are targeted on account of a protected ground and rejecting "returning Mexicans from the United States" as a particular social group); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228-29 (9th Cir. 2016) (aliens who were perceived to be wealthy Americans did not constitute a particular social group). Accordingly, the petitioners' asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT protection because Hernandez Ramirez and Velazquez failed to show they would more likely than not be tortured by or with the consent or acquiescence of the government if

3                                                                15-70994

returned to Guatemala or Mexico, respectively. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

15-70994